```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF DELAWARE

nCUBE CORPORATION (now ARRIS   :
GROUP, INC.),                  :
                               :
          Plaintiff -          :
          Counterclaim         :
          Defendant,           :
                               :
     v.                        :    Civ. Act. No. 01-011-JJF
                               :
SEACHANGE INTERNATIONAL INC.,  :
                               :
          Defendants -         :
          Counterclaimant.     :
_____:
                               :
SEACHANGE INTERNATIONAL, INC., :
a Delaware corporation,        :
                               :
          Plaintiff,           :
                               :
     v.                        :    Civ. Act. No. 09-573-JJF
                               :
ARRIS GROUP, INC.,             :
a Delaware corporation,        :
                               :
          Defendant.           :
```

## MEMORANDUM ORDER

Pending before the Court are related motions in the above-captioned cases. Arris Group, Inc. ("Arris") filed a Motion To Hold Seachange In Contempt (D.I. 208) (the "Contempt Motion") in Civil Action No. 01-011-JJF contending that Seachange International Inc. ("SeaChange") violated the Court's Permanent Injunction Order because its redesigned Interactive Television ("ITV") video-on-demand product infringes the '804 patent (the "Contempt Proceedings"). Seachange responded to Arris's Contempt Motion by filing a Complaint For Declaratory Judgment against

Arris requesting the Court to determine that its video-on-demand product does not infringe the '804 patent (the "Declaratory Judgment Action").  Seachange v. Arris, Civ. Act. No. 09-573-JJF. In both cases, Seachange filed the currently pending Motions For Consolidation, For A Status Conference, And For An Extension Of Time To Respond To Arris's Motion For Contempt (D.I. 212 in Civ. Act. No. 01-11-JJF; D.I. 8 in Civ. Act. No. 09-573-JJF).  Arris filed an Answer to the Motion in Civil Action No. 01-11-JJF.  In Civil Action No. 09-573-JJF, Arris responded with a Motion To Stay The Declaratory Judgment Action Pending Resolution of the Contempt Proceeding (D.I. 13).  For the reasons discussed, the Court will grant Arris's Motion To Stay The Declaratory Judgment Action Pending Resolution of the Contempt Proceeding. Seachange's Motions For Consolidation, For A Status Conference, And For An Extension Of Time To Respond To Arris's Motion For Contempt will be granted as to the requested extension of time and denied in all other respects.

**I.   PARTIES' CONTENTIONS**

Because both actions involve the same parties, the same patent and the same accused devices, Seachange requests consolidation of the pending Contempt Proceedings and Declaratory Judgment Action, at least for the purposes of discovery. Seachange proposes that at the close of discovery, Arris can renew its Motion To Stay the Declaratory Judgment Action if it

still believes its Contempt Proceedings can be supported. If the Declaratory Judgment Action is stayed at this juncture as Arris requests, Seachange contends that it will not be able to take discovery on the equitable issues raised in the Declaratory Judgment Action, and this will require the need to depose witnesses a second time creating unnecessary expenses and delays. Thus, Seachange contends that the Court should make the determination of whether Contempt Proceedings are appropriate after discovery so that Arris can put forth sufficient evidence to meet its burden of showing that the accused product is not colorably different from that which was the subject of the Court's Permanent Injunction. Seachange also raises alleged delays by Arris in pursing its Contempt Motion and requests a status conference and an extension of time to answer the Contempt Motion so that it can compile relevant documentation regarding its redesigned product which is more than seven years old.

In response, Arris contends that Seachange is attempting to "sidetrack" the Contempt Proceedings in favor of full-blown litigation in the Declaratory Judgment Action. Arris takes issue with SeaChange's charges of delay and contends that SeaChange has actually caused the delays by seeking ex parte re-examination of the claims that allegedly avoided the redesigned product and by filing the Declaratory Judgment Action and pending Motions To Consolidate in the first place. Arris contends that a contempt

3

proceeding is a more expeditious solution to the parties' dispute than a declaratory judgment action, and the Court should determine first whether the Contempt Proceedings are appropriate before consolidating and/or proceeding with the Declaratory Judgment Action. Thus, Arris contends that the Court should stay the Declaratory Judgment Action, rather than consolidate these actions. According to Arris, a stay will simplify the issues and promote judicial economy, because resolution of the Contempt Proceedings may render the Declaratory Judgment Action moot.

**II. DISCUSSION**

The requests of both parties in this case implicate the Court's discretion and its inherent authority to manage its docket. See Honeywell Int'l, Inc. v. Audivoxx Comm. Corp., 2005 WL 2465898, *2 (D. Del. May 18, 2005) (Jordan, J.) (citations omitted). Courts have broad power to stay proceedings and consider the following four factors in determining whether a stay is warranted: (1) whether a stay would unduly prejudice or present a clear tactical advantage to the nonmovant, (2) whether a stay will simplify the issues and trial of the case; (3) whether discovery is completed; and (4) whether a trial date has been set. United Sweetener USA, Inc. v. Nutrasweet Co., 766 F. Supp. 212, 217 (D. Del. 1991).

Pursuant to Federal Rule of Civil Procedure 42, the Court may consolidate actions "involving a common question of law or

fact" and "may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay." Fed. R. Civ. P. 42(a). In making this determination, courts consider such factors as efficiency, cost and fairness. Abbott Diabetes Care, Inc. v. Dexcom, Inc., 2007 WL 2892707, *3-4 (D. Del. Sept. 30, 2007) (Sleet, J.) (citations omitted).

The parties both acknowledge that these actions involve the same patent, the same accused product, and the same theories. (D.I. 216 at 6 in Civ. Act. No. 01-011-JJF; D.I. 17 at 7 in Civ. Act. No. 09-573-JJF). Arris contends that the Declaratory Judgment Action must be stayed so that the Court can determine, as a threshold matter, whether the Contempt Proceedings are appropriate. However, the Federal Circuit case relied upon by Arris, Additive Controls & Measurement Sys., Inc. v. Flowdata, Inc., 154 F.3d 1345 (Fed. Cir. 1998), does not specify when this determination must be made. Rather, the Federal Circuit's only instruction in Additive Controls is as follows:

> Before entering a finding of contempt of an injunction in a patent infringement case, a district court must address two separate questions. The first is whether a contempt hearing is an appropriate forum in which to determine whether a redesigned device infringes, or whether the issue of infringement should be resolved in a separate infringement action. That decision turns on a comparison between the original infringing product and the redesigned device. If the differences are such that "substantial open issues" of infringement are raised by the new device, then contempt proceedings are inappropriate. If contempt proceedings are appropriate, the second question the district court must resolve is whether the new accused device

5

>        infringes the claims of the patent.  Within those
>        general constraints, the district court has broad
>        discretion to determine how best to enforce its
>        injunctive decrees.

Id. at 1349.

Given the substantial and lengthy previous litigation between these parties, the Court concludes that the most efficient means of addressing the parties current dispute is to stay the Declaratory Judgment Action pending a determination of whether Contempt Proceedings are appropriate in the first instance.  In the Court's view, these threshold issues are narrower than the issues that would be raised by the Declaratory Judgment Action[1], and the resolution of these issues has the potential to moot the Declaratory Judgment Action in its entirety.  At this juncture, neither action has a scheduling order entered, and the Court discerns no undue prejudice to Seachange as a result of a stay, because its ability to pursue the Declaratory Judgment Action, if necessary, will be preserved.  Accordingly, the Court will exercise its discretion to stay the pending Declaratory Judgment Action.

The Court notes that the parties have sought a status conference with the Court for the purposes of scheduling in the Declaratory Judgment Action.  Having determined that a stay of

---

[1]     Seachange acknowledges that the Declaratory Judgment Action raises broader issues than the Contempt Proceedings. (D.I. 25 at 09-573-JJF).

the Declaratory Judgment Action is appropriate, the Court also notes that scheduling questions remain with respect to the Contempt Proceedings.  Accordingly, the Court will order discovery in the Contempt Proceedings within the parameters set forth below.

NOW THEREFORE, IT IS HEREBY ORDERED that:

1.   Arris's Motion To Stay The Declaratory Judgment Action Pending Resolution of the Contempt Proceeding (D.I. 13 in Civ. Act. No. 09-573-JJF) is **GRANTED**, and Civ. Act. No. 09-573-JJF is **STAYED**.

2.   Seachange's Motions For Consolidation, For A Status Conference, And For An Extension Of Time To Respond To Arris's Motion For Contempt (D.I. 212 in Civ. Act. No. 01-11-JJF; D.I. 8 in Civ. Act. No. 09-573-JJF) are **GRANTED** as to the requested extension of time and **DENIED** in all other respects.

3.   Seachange shall file a response to Arris's Contempt Motion no later than **Friday, June 18, 2010**.

4.   Discovery on the contentions alleged in the Contempt Motion shall be commenced so as to be completed by **September 17, 2010**.

5.   The parties are limited to a maximum of **10** interrogatories, including contention interrogatories, for each side.

6. The parties are limited to a maximum of **5** depositions for each side.

June 4, 2010
DATE

_____
UNITED STATES DISTRICT JUDGE